UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRINO VASCONCELOS,<br><br>Plaintiff,<br><br>v.<br><br>KRISTINA TORRES,<br><br>Defendant. | No. 1:16-cv-01174-DAD-EPG<br><br>ORDER SUA SPONTE REMANDING MATTER TO THE STANISLAUS COUNTY SUPERIOR COURT AND DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. Nos. 1, 3) |

This is an unlawful detainer action brought under California state law by plaintiff Alexandrino Vasconcelos against defendant Kristina Torres. On August 9, 2016, defendant removed this case from the Stanislaus County Superior Court to this federal court. (Doc. No. 1.) Defendant asserts that removal is proper because "[t]he complaint presents federal questions," and because defendant's demurrer "depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." (*Id.* at 2.) Upon review of the demurrer referred to by defendant, the court finds no reference to federal law. (*See id.* at 11.) On the same day as the removal, defendant filed a motion to proceed in forma pauperis in this court. (Doc. No. 3.)

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is

1

1  strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*,
2  599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582
3  F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of
4  the federal courts, and the burden of establishing the contrary rests upon the party asserting
5  jurisdiction.  *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582
6  F.3d 1039, 1042 (9th Cir. 2009).  In addition, "the existence of federal jurisdiction depends solely
7  on the plaintiff's claims for relief and not on anticipated defenses to those claims."  *ARCO Envtl.*
8  *Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).
9  "The strong presumption against removal jurisdiction" means that "the court resolves all
10 ambiguity in favor of remand to state court."  *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980
11 F.2d 564, 566 (9th Cir. 1992).  That is, federal jurisdiction over a removed case "must be rejected
12 if there is any doubt as to the right of removal in the first instance."  *Geographic Expeditions*, 599
13 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566.  "If
14 at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the
15 case shall be remanded."  28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th
16 Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary."  *Bruns v.*
17 *NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*,
18 375 F.3d 831, 838 (9th Cir. 2004).  Where it appears, as it does here, that the district court lacks
19 subject matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C.
20 § 1447(c).
21     "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded
22 complaint rule,' which provides that federal jurisdiction exists only when a federal question is
23 presented on the face of the plaintiff's properly pleaded complaint."  *California v. United States*,
24 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485.
25 Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's
26 statement of his own claim in the bill or declaration, unaided by anything in anticipation of
27 avoidance of defenses which it is thought the defendant may interpose."  *California*, 215 F.3d at
28 1014.  Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the

defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, defendant Kristina Torres has not shown that removal of this action to this federal court is appropriate. The complaint filed by plaintiff is a straightforward unlawful detainer action that is based entirely on state law. Moreover, as stated above, defendant allegedly bases removal of this case on an unidentified federal defense. Even assuming defendant has asserted a federal defense, removal is improper because the defensive invocation of federal law cannot form the basis of this court's jurisdiction. *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014.

Because there is no federal question appearing in plaintiff's complaint, defendant has failed to properly invoke this court's jurisdiction. Remand to the Stanislaus County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); *Geographic Expeditions*, 599 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

Accordingly,

1. This action is remanded forthwith to the Stanislaus County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;
2. Defendant's motion to proceed in forma pauperis (Doc. No. 3) is denied as moot; and
3. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:  **August 10, 2016**                    _____
                                                                   UNITED STATES DISTRICT JUDGE